UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:10-cr-85-FtM-29SPC

RODOLFO DOMINGUEZ CRUZ
_____

**OPINION AND ORDER**

This matter came before the Court on December 12, 2011, for sentencing. Among other things, defendant objected to the 16 level increase in the base offense level based upon a prior felony conviction. The Court took the objection under advisement, and requested counsel to file legal memoranda. Both sides have now done so (Docs. ## 27, 28).

Paragraph 17 of the Presentence Report states that defendant was convicted of Felony Battery in 1999 and was subsequently deported. The Presentence Report found the Felony Battery was a crime of violence under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), and increased the base offense level by 16 levels. Defendant concedes that he was convicted of Felony Battery in 1999, but argues that this conviction is not a crime of violence. The basis for this argument is that Florida has <u>two</u> felony battery statutes, one of which is a crime of violence, <u>United States v. Detrick C. Smith</u>, Nos. 10-13588, 10-13932, 2011 WL 6115544 (11th Cir. Dec. 9, 2011)(felony battery under Fla. Stat. § 784.041 is a violent felony), and one of which is not, <u>Johnson v.</u>

United States, 130 S. Ct. 1265 (2010)(felony battery under Fla. Stat. § 784.03 is not a crime of violence). The parties argue over which statute defendant was convicted of violating.

When a defendant challenges a fact in the presence report, the government's burden of proof is triggered. United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). The identity of the statute under which defendant was convicted is a factual matter, and therefore the burden is upon the government to establish this fact by a preponderance of the evidence. United States v. White, ___ F.3d ___, 2011 WL 5924430, *6 (11th Cir. Nov. 29, 2011)("When a defendant challenges the factual basis that the PSR sets forth for his sentence, the burden is on the government to prove the disputed facts by a preponderance of the evidence."); United States v. Kinard, 472 F.3d 1294, 1298 (11th Cir. 2006) (government bears the burden to establish by a preponderance of the evidence facts necessary to support a sentencing enhancement). The burden must be satisfied with "reliable and specific evidence." United States v. Sepulveda, 115 F.3d 882, 890 (11th Cir. 1997).

The Court agrees with defendant that this factual objection may be resolved by non-Shepard[1] approved evidence. The issue requires the Court to determine whether there was a conviction under one statute or the other, not to determine the character of the prior conviction. The Court recognizes that, as a practical

---

[1] Shepard v. United States, 544 U.S. 13 (2005).

-2-

matter, the resolution of this factual dispute will resolve the issue of whether defendant has been convicted of a crime of violence. There is no question that a felony battery conviction under Fla. Stat. § 784.03 is not a crime of violence, see Johnson, and defendant concedes that a felony battery conviction under Fla. Stat. § 784.041 is a categorical crime of violence, see doc. #28, pp. 1-2.

The only charging document in the 1999 state case charges defendant with sexual battery in violation of Fla. Stat. § 794.011(4)(b). Defendant's Objections, Exh. A. Defendant was allowed to plead guilty to "felony battery", a third degree felony punishable by a maximum sentence of five years. Id., Exh. B. No new or amended charging document was filed, and neither party has filed a transcript of the plea proceedings. The state court minutes, signed by the judge, refer to defendant's plea of *nolo contendere* to the lesser offense of "felony battery," and cites Fla. Stat. § 784.03 for the offense in Count 2 which was *nolle prossed*. Id., Exh. D. The Collier County Clerk's docket sheet states defendant pled to a reduced charge and cites to Fla. Stat. § 784.03(2). Id., Exh. C. The Collier County Clerk's Office website and another website (Florida Comprehensive Case Information System) show defendant was convicted of 784.03(2) and Count 2 under Fla. Stat. § 784.03(1)(a)1 was *nolle prossed*. (Doc. #28-1, Exhs. G, H.) The Criminal Punishment Code Scoresheet, signed by the

judge, states defendant pled guilty to "felony battery" and is scored in such a fashion that the statute of conviction had to have been under Fla. Stat. § 784.041. Defendant's Objections, Exh. E; Doc. #27, Attachment A. When defendant's probation was violated in 2010, the Judgment signed by a judge stated the offense of conviction was under Fla. Stat. § 784.03(2). (Doc. #28-1, Exh. I.)

The Court simply has no idea which documents are correct and which are erroneous. Therefore, the Court finds the government has not sustained its burden, and defendant's objection to paragraph 17 is sustained as to the 16 level increase. Although defendant's felony battery conviction has not been shown to be a crime of violence, it is a felony, and therefore paragraph 17 shall reflect a 4 level increase under U.S.S.G. § 2L1.2(b)(1)(D).

Accordingly, it is now

**ORDERED:**

1. Defendant's objection to the 16 level increase in paragraph 17 of the Presentence Report is **SUSTAINED.**

2. The following changes shall be made in the Presentence Report:

(a) Paragraph 17 shall be changed to 4 (instead of 16);

(b) Paragraph 21 shall be changed to 12 (instead of 24);

(c) Paragraph 23 shall be changed to deleted;

(d) Paragraph 24 shall be changed to 10 (instead of 12);

(e)  Paragraph 65 shall be changed to a total offense level of 10 and a Sentencing Guideline range of 21-27 months; and

(f)  Paragraph 77 shall be changed to a fine range of $2,000 to $20,000.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of December, 2011.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record
U.S. Probation